JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, H. Ingle and Mary Korb, appeal from the final judgment of the Cuyahoga County Court of Common Pleas that awarded plaintiff-appellee, LaSalle National Bank, Trustee ("LaSalle"), $61,122.07 plus interest, along with a decree of foreclosure. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On August 28, 2001, LaSalle filed a complaint for money, foreclosure, and other equitable relief against Harry Ingle, Mary Korb, their unknown spouses, Long Beach Mortgage Company, and David B. Hochman c/o Fred Josephine Strnisa. The complaint alleged that LaSalle was the successor in interest to a promissory note executed by Henry Ingle and Mary Korb, and that Ingle and Korb were in default on the note. LaSalle also alleged that it was the owner and holder of a mortgage deed executed by Henry Ingle and Mary Korb, securing payment of the note. The matter was referred to the court magistrate.
 {¶ 3} On October 9, 2001, an answer and counterclaim was filed by H. Ingle and Mary Korb. The counterclaim simply incorporated the allegations in the answer and demanded a judgment in the amount of $124,000 and other relief. LaSalle responded to the counterclaim on October 11, 2001, by filing a motion for definite statement.
 {¶ 4} Thereafter, LaSalle filed a motion for leave to file an amended complaint in order to name new party defendants Henry Ingle, Fred Strnisa and Josephine Strnisa. After this motion was granted by the trial court, LaSalle filed a notice of partial dismissal that voluntarily dismissed Harry Ingle and Jan Doe, the unknown spouse of Harry Ingle, from the action. LaSalle also later dismissed Fred and Josephine Strnisa from the action.
 {¶ 5} Henry Ingle and Mary Korb filed an answer to the amended complaint, a counterclaim against LaSalle, and a cross-claim against Fred and Josephine Strnisa. The cross-claim was later dismissed. The counterclaim once again incorporated the answer and demanded a judgment in the amount of $124,000 and other relief.
 {¶ 6} In January 2004, the trial court entered an order dismissing the case without prejudice; however, this order was vacated and the case was reinstated to the active docket.
 {¶ 7} On November 9, 2004, Henry Ingle and Mary Korb filed a motion for default judgment, along with a motion to dismiss the complaint. LaSalle filed a brief in opposition indicating that it had filed a motion for definite statement that had not been ruled on by the trial court. The trial court issued an order denying the motion for default judgment, denying the motion for definite statement, and ordering LaSalle to file an answer to the counterclaim within thirty days. LaSalle complied and filed a reply to the counterclaim.
 {¶ 8} LaSalle proceeded to obtain a default judgment against the unknown spouses of Henry Ingle and Mary Korb.
 {¶ 9} LaSalle filed a motion for summary judgment against Henry Ingle and Mary Korb. The motion asserted that Henry Ingle and Mary Korb were in default on a promissory note, and was supported by an affidavit of a custodian of records for LaSalle that confirmed the default and a balance owing of $61,122.07 plus interest. LaSalle also filed an adjustable rate affidavit of a foreclosure specialist who also confirmed a default on the mortgage by Henry Ingle and Mary Korb.
 {¶ 10} Henry Ingle and Mary Korb responded and filed their own motion for summary judgment, together with a few other motions that sought a dismissal of the complaint, as well as a default on the counterclaim and on the complaint. The motions were unsupported.
 {¶ 11} On December 1, 2005, the magistrate issued a decision declaring the unknown spouses of Henry Ingle and Mary Korb, and Long Beach Mortgage were in default. However, the magistrate indicated that Henry Ingle and Mary Korb were both unmarried. The magistrate found LaSalle was entitled to judgment as a matter of law and sustained LaSalle's motion for summary judgment as to LaSalle's complaint and the counterclaim asserted by Henry Ingle and Mary Korb. The magistrate found that LaSalle had answered the counterclaim and denied Henry Ingle and Mary Korb's motion for default judgment. The magistrate also denied Henry Ingle and Mary Korb's motion for summary judgment.
 {¶ 12} The trial court adopted the magistrate's decision and awarded judgment to LaSalle and against Henry Ingle and Mary Korb in the sum of $61,122.07 with interest. The trial court also issued a decree of foreclosure to LaSalle.
 {¶ 13} Henry Ingle and Mary Korb have appealed the trial court's decision, raising five assignments of error for our review. For clarity of review, we shall address them out of order.
 {¶ 14} The second and third assignments of error provide as follows:
 {¶ 15} "2. The court committed prejudicial error in not making findings as requested by original defendant(s)-appellant(s). Namely, the trial court did not dismiss original plaintiff(s) complaint."
 {¶ 16} "3. Original defendant(s) were denied due process of law when the court did not recognize that the wrong original plaintiff(s) sued the wrong original defendant(s)."
 {¶ 17} Under these assignments of error, appellants complain that LaSalle originally sued an incorrect defendant, namely, Harry Ingle; that most of the defendants were dismissed from the action; that LaSalle was not the original lender; and that the trial court should have dismissed the complaint. We find no merit to these arguments.
 {¶ 18} Although the original complaint incorrectly named "Harry" Ingle as a party defendant, it was obvious from the content of the complaint that the intended defendant was "Henry" Ingle. The original complaint asserted that LaSalle was a successor in interest, by virtue of assignment, to a promissory note executed by Henry Ingle and Mary Korb with Alliance Funding, a division of Superior Bank FSB. Once the error in the caption of the original complaint was recognized, LaSalle filed a motion for leave to file an amended complaint in order to name new party defendants Henry Ingle, Fred Strnisa and Josephine Strnisa. The trial court granted this motion. LaSalle also voluntarily dismissed "Harry" Ingle from the action. While LaSalle eventually dismissed other defendants from the action, the case remained pending against Henry Ingle and Mary Korb.
 {¶ 19} Appellants were not entitled to a dismissal of a valid complaint in this matter. While an improper party was originally named, LaSalle was permitted to seek leave of court to amend its complaint to correct the error. Pursuant to Civ.R. 15(A), leave of court is to be freely given when justice so requires. The trial court properly granted LaSalle leave to amend its complaint. Further, pursuant to Civ.R. 41(A)(1), LaSalle was allowed to voluntarily dismiss some parties to the action, while continuing to pursue its claims against Henry Ingle and Mary Korb. Insofar as appellants assert the trial court should have dismissed the action, appellants failed to establish any grounds warranting a dismissal of the complaint.
 {¶ 20} Appellants' second and third assignments of error are overruled.
 {¶ 21} The fourth assignment of error provides as follows:
 {¶ 22} "4. The court committed prejudicial error when it did not recognize original plaintiff(s) as a predatory lender."
 {¶ 23} Under this assignment of error, appellants claim that LaSalle is a predatory lender and that the trial court erred in failing to recognize this. Appellants failed to raise any argument or allegation below concerning LaSalle being a predatory lender. Further, no evidence was introduced in the trial court to substantiate such a claim. Because this issue was neither raised in the trial court nor supported by the record, we decline to review this assignment of error.
 {¶ 24} Appellants' fourth assignment of error is not well taken.
 {¶ 25} The first and fifth assignments of error provide as follows:
 {¶ 26} "1. Original defendant(s) was/were denied due process of law when the court dismissed their counterclaim against original plaintiff(s)"
 {¶ 27} "5. The court committed prejudicial error in not granting original defendant(s) motion for summary judgment and/or original defendant(s) motion for default judgment against original plaintiff(s)."
 {¶ 28} Under these assignments of error, appellants claim the trial court erred by granting summary judgment to LaSalle and by failing to grant appellants summary judgment or a default judgment.
 {¶ 29} We first consider the trial court's denial of the default judgment on the counterclaim. The counterclaim in this action consisted of one paragraph incorporating the allegations of the answer and demanded a judgment in the amount of $124,000 and other relief. In response to the counterclaim, LaSalle filed a motion for definite statement asserting that the counterclaim was vague. Civ.R. 12(E) permits a motion for definite statement to be filed on such grounds before filing a responsive pleading. The trial court failed to rule on this motion until it was again brought to the court's attention upon appellants' filing of a default motion. At that time, the trial court denied the motion for definite statement and ordered LaSalle to file an answer to the counterclaim within thirty days. LaSalle complied with the court's order.
 {¶ 30} Civ.R. 55 provides for a default judgment against a party who has "failed to plead or otherwise defend as provided by these rules." Since LaSalle did "otherwise defend," the trial court did not abuse its discretion when it denied appellants' motion for default judgment.
 {¶ 31} Next, we consider the trial court's ruling on the motions for summary judgment. This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326. When a motion for summary judgment is made and is supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but must by affidavit or as otherwise provided by Civ.R. 56, set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E).
 {¶ 32} In the present case, LaSalle's motion for summary judgment was supported by affidavits establishing that Henry Ingle and Mary Korb had executed the mortgage and promissory note and that they had defaulted on the note. The affidavits also established the amount due and owing on the note. Appellants supplied no evidence that would contradict the affidavits submitted by LaSalle or that would show any issue of material fact in dispute. Further, appellants' own motion for summary judgment was based on conclusory allegations and failed to set forth specific facts or evidence in the record in support of their claim. As such, the trial court properly granted summary judgment in favor of LaSalle on the complaint and counterclaim and denied appellants' motions.
 {¶ 33} Appellants' first and fifth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and MICHAEL J. CORRIGAN, J.,* CONCUR
* Sitting by assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.