HARRIS, Appellant,

v.

FORMICA CORPORATION et al., Appellees.

[Cite as *Harris v. Formica Corp.*, 175 Ohio App.3d 210, 2008-Ohio-694.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89780.

Decided Feb. 21, 2008.

Frederick D. Harris, pro se.

Thompson Hine, L.L.P., and William J. Hubbard, for appellee Formica Corp.

O'Rourke & Associates, Inc., and Michael J. Warrell, for appellee Solid Surfaces Plus.

Sean C. Gallagher, Judge.

{¶ 1} Plaintiff-appellant, Frederick D. Harris, pro se, appeals the granting of summary judgment in favor of defendant-appellee Solid Surfaces Plus.[1] Finding no merit to this appeal, we affirm.

{¶ 2} On May 9, 2006, Harris filed a complaint alleging that his kitchen countertop and sink exhibited cracking and crazing as a result of defendant-appellee Formica Corporation's negligent manufacture of the countertop and sink and/or the negligent installation thereof by Solid Surfaces Plus. In response to written discovery, Harris stated that the cracking and crazing occurred in 2000 or 2001. Harris, however, did not notify either the supplier, Formica Corporation, or the installer, Solid Surfaces Plus, until June 1, 2004.

{¶ 3} On February 5, 2007, Solid Surfaces Plus filed a motion for summary judgment, attaching an affidavit of expert witness Mark A. Meyers. This affidavit asserted that Meyers had inspected the countertop and stated that the problems of cracking and crazing had not been caused by the methods employed by Solid Surfaces Plus at the time the countertop was installed. It was Meyers's opinion that "the cracking and crazing may have been caused by either the Plaintiff's misuse, or perhaps simply normal wear and tear after ten years of service." In addition, Solid Surfaces Plus argued that the case was barred by the statute of limitations.

{¶ 4} Harris filed a memorandum in opposition to the motion for summary judgment of Solid Surfaces Plus; however, the affidavit did not include any evidence to counter the expert report of Solid Surfaces Plus. Summary judgment was granted in favor of Solid Surfaces Plus, finding that the action was time-barred pursuant to R.C. 2305.09 and 2305.10 "because the evidence establishes that plaintiff first discovered the injury in '2000 or 2001.' Thus, 2005 was the latest time that Plaintiff could have brought the action. Plaintiff brought this present action in 2006."

{¶ 5} Harris appeals, arguing that his countertop is a fixture and not personal property, thus requiring that the court apply the four-year statute of limitations. In addition, Harris argues that his cause of action did not accrue until June 1, 2004, when the cracking and crazing were serious enough to amount to injury. Consequently, Harris argues that his cause of action was filed within the applicable statute of limitations. Finally, Harris argues that he presented many

---

1. In a separate appeal, Cuyahoga App. No. 89536, 2008-Ohio-688, 2008 WL 458505, Harris appealed the denial of his motion for relief from judgment, which had argued that the trial court improperly granted summary judgment in favor of defendant Formica Corporation.

genuine issues of material fact, and thus summary judgment should have been denied.

{¶ 6} This court reviews a trial court's grant of summary judgment de novo. *Ekstrom v. Cuyahoga Cty. Community College*, 150 Ohio App.3d 169, 2002-Ohio-6228, 779 N.E.2d 1067. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Dussell v. Lakewood Police Dept.*, 99 Ohio St.3d 299, 2003-Ohio-3652, 791 N.E.2d 456, ¶ 6, citing *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654. When a motion for summary judgment is made and is supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but must by affidavit or as otherwise provided by Civ.R. 56, set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). *LaSalle Natl. Bank v. Ingle*, Cuyahoga App. No. 87830, 2007-Ohio-77, 2007 WL 64688.

■ {¶ 7} The trial court did not address whether the countertop was a fixture or personal property. The trial court simply concluded that the cause of action accrued in "2000 or 2001," when the injury to the countertop was first discovered. Under that finding, Harris missed the two-year and the four-year statutes of limitations.

■ {¶ 8} The statute of limitations does not begin to run until a cause of action accrues. *Dandrew v. Silver*, Cuyahoga App. No. 86089, 2005-Ohio-6355, 2005 WL 3219730. In *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph two of the syllabus, the Ohio Supreme Court held that "[w]hen negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues."

{¶ 9} In this case, Harris alleged that the injury to the countertop was caused by the negligent manufacture and/or installation of the countertop. When Harris responded to written discovery, he stated that the first signs of cracking and crazing appeared in the countertop and sink around 2000 or 2001. Harris did not contact the manufacturer or the installer until June 4, 2004, and did not file his complaint until September 20, 2006. No matter which statute of limitations we apply, Harris's action is time-barred. Accordingly, the trial court did not err

when it found that Harris's cause of action was barred by the statute of limitations.

Judgment affirmed.

COONEY, P.J., and CALABRESE, J., concur.