OPINION *Page 2 
{¶ 1} Appellants Michael and Michelle Street appeal the decision of the Court of Common Pleas, Licking County, which granted summary judgment to Appellee LaSalle Bank National Association in a foreclosure lawsuit. The relevant facts leading to this appeal are as follows.
 {¶ 2} In April 2006, appellants purchased a home on North 11th Street, Newark, Ohio, and obtained an adjustable rate mortgage through Resmae Mortgage Corporation in the amount of $117,000.00. The beginning interest rate was 9.445%, resulting in a monthly payment of $979.11. Appellant Michael signed the promissory note and mortgage; Appellant Michelle signed the mortgage to subordinate her dower interest.
 {¶ 3} Resmae thereafter designated Mortgage Electronic Registration Systems, Inc. ("MERS Inc."), a Delaware corporation with offices in Flint, Michigan, as the nominal mortgagee and placeholder for Resmae.
 {¶ 4} In August 2007, appellants defaulted on the mortgage loan.
 {¶ 5} On November 21, 2007, Appellee LaSalle Bank National Association, as Trustee and Custodian for Merrill Lynch Mortgage Investors, by Saxon Mortgage Services, Inc., filed a foreclosure complaint against appellants, asserting that Appellee LaSalle, as successor-in-interest to Resmae, was the holder and owner of the note. Appellants filed an answer and counterclaim on February 19, 2008. On March 19, 2008, appellee filed a motion for summary judgment. On March 20, 2008, appellants also filed a motion for summary judgment as to appellee's complaint.
 {¶ 6} On April 9, 2008, the trial court issued summary judgment and a decree in foreclosure to appellee. *Page 3 
 {¶ 7} On May 8, 2008, appellants filed a notice of appeal. They herein raise the following three Assignments of Error:
 {¶ 8} "I. APPELLEE FAILED TO PRIVE (SIC) THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACE (SIC) AS TO WHETHER THE AMOUNT CLAIMED DUE AND OWING WAS CORRECT OR THAT THE MORTGAGE AND NOTE WERE PROPERLY ACCELERATED.
 {¶ 9} "II. APPELLEE FAILED TO PROVE THAT THERE WAS NO ISSUE OF MATERIAL FACT AS TO WHETHER IT WAS THE REAL PARTY IN INTEREST.
 {¶ 10} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WAS A CLAIM FOR EQUITABLE RELIEF."
 Standard of Review {¶ 11} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Porter v. Ward, Richland App. No. 07 CA 33, 2007-Ohio-5301, ¶ 34, citing Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.
 {¶ 12} Civ. R. 56(C) provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that *Page 4 
reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-207.
 I. {¶ 15} In their First Assignment of Error, appellants contend summary judgment was improper, for the reason that appellee failed under Civ. R. 56 to demonstrate the absence of a genuine issue of material fact concerning the default on the mortgage. We disagree.
 {¶ 16} "To respond properly to a motion for summary judgment, the nonmoving party must set forth specific facts which are based on personal knowledge and would be admissible in evidence. A court may not consider inadmissible statements, such as hearsay or speculation, which are inserted into an opposing affidavit. If the opposing *Page 5 
affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment."Southern Elec. Supply v. Patrick Elec. Co., Inc., Lorain App. No. 04CA008616, 2005-Ohio-4369, ¶ 10, quoting State ex rel. Martinelli v.Corrigan (1991), 71 Ohio App.3d 243, 248. See, also, Payne v. El SiestaHotel (April 12, 2000), Delaware App. No. 99-CAE-10051. Nonetheless, summary judgment is not appropriate if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from undisputed facts. Hounshell v. AmericanStates Insurance Company (1981), 67 Ohio St.2d 427.
 {¶ 17} In the case sub judice, appellant specifically challenges appellee's affidavit alleging a principal balance due of $116,141.83 plus interest, provided by Laura Hescott, an "AVP" of Saxon Mortgage Services in Dakota County, Minnesota. Hescott therein averred, in pertinent part:
 {¶ 18} "Affiant has access of the accounts of said company, including the account of Michael Street, defendant herein. Affiant states that the records of the accounts of said company are compiled at or near the time of occurrence of each event by persons with knowledge of said events, that said records are kept in the course if (sic) its regularly conducted business activity, and that it is the regular practice to keep such records related to the business activity. * * * Plaintiff is the holder of the note and mortgage which are the subject of the within foreclosure action. * * * Affiant states that there has been a default in payment under the terms of the aforesaid note and mortgage. The account is due for the August 1, 2007 payment and all subsequent *Page 6 
payments. Plaintiff has therefore elected to accelerate the entire balance due.* * *" Affidavit in Support of Motion for Summary Judgment, filed March 19, 2008.
 {¶ 19} Appellants particularly contend that Hescott did not state that she had actually reviewed the account records, which may have originally belonged to Resmae Mortgage Corporation or MERS, Inc. They also note that although Hescott attached copies of the original mortgage and note, the account records upon which her conclusions were based were not attached, and Hescott failed to adequately allege acceleration of the note.
 {¶ 20} "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the `custodian' of the record or by some `other qualified witness.'" State v. Davis (2008),116 Ohio St.3d 404, 429, 880 N.E.2d 31, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73.
 {¶ 21} Ohio courts have defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." Zeedyk v.Agricultural Soc. of Defiance Cty. Defiance App. No. 4-04-08,2004-Ohio-6187, ¶ 16, quoting Bonacorsi v. Wheeling Lake Erie RailwayCo. (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev. 1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ. R. 56(E). Tolson v.Triangle Real Estate, Franklin App. No. 03AP-715, 2004-Ohio-2640, *Page 7 
¶ 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. CitiMortgage, Inc. v.Ferguson, Fairfield App. No. 2006CA00051, 2008-Ohio-556, ¶ 29.
 {¶ 22} Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See Bush v. Dictaphone Corp., Franklin App. No. 00AP1117, 2003-Ohio-883, ¶ 73, citing BeneficialMortgage Co. v. Grover (June 2, 1983), Seneca App. No. 13-82-41. Moreover, notwithstanding the purported weaknesses in the Hescott affidavit, the record in the case sub judice contains an additional affidavit prepared by Rick Wilken, also an AVP for Saxon Mortgage, which again alleged an unpaid principal balance of $116,141.83, plus interest.[1] Wilken therein averred that he had "personal knowledge" of the records of Saxon Mortgage, and further averred "that said account is in default and plaintiff has elected to call the entire balance of said account due and payable in accordance with the terms of the note and mortgage attached to the Complaint." Affidavit of Status of Account and Military Affidavit, filed April 9, 2008.
 {¶ 23} Thus, appellee's motion for summary judgment was supported by affidavits and documents establishing that appellants had executed the mortgage and that there was a default on the note signed by Michael. The affidavits also established the amount due and owing on the note. We recognize that even in the absence of evidence from the non-moving party, the trial court must construe all evidence in favor of the non-moving party, and may not enter summary judgment unless warranted by law. See Whittington v. Abel, Licking App. No. 03-CA-69, 2004-Ohio-2090, ¶ 14. However, upon review of the aforesaid, we find appellee sufficiently supported its *Page 8 
motion for summary judgment to the degree that the burden shifted to the non-moving party (appellants) to set forth specific facts demonstrating there would be a genuine issue of material fact for trial. SeeVahila at 429. Cf. LaSalle Natl. Bank v. Ingle, Cuyahoga App. No. 87830,2007-Ohio-77, ¶ 32. However, appellants supplied no evidence in response that would contradict the information supplied in the Hescott and Wilken affidavits or that would show any issue of material fact in dispute.
 {¶ 24} We therefore find that summary judgment in favor of appellee was not erroneous under the facts and circumstances presented.
 {¶ 25} Appellants' First Assignment of Error is overruled.
 II. {¶ 26} In their Second Assignment of Error, appellants contend summary judgment was improper for the reason that appellee failed to demonstrate the absence of a genuine issue of material fact concerning the real party in interest. We disagree.
 {¶ 27} The record indicates that the note and mortgage attached to appellee's complaint state that the "lender" is Resmae Mortgage Corporation and the "nominee" is MERS, Inc. Appellee initially pled that it was the holder of the subject note and mortgage on November 21, 2007. See Complaint at ¶ 1-2. Appellee, on March 14, 2008, filed a document purporting to assign to appellee both the note and mortgage on November 29, 2007, about one week after the filing date of the complaint.
 {¶ 28} Where a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. Kuck v. Sommers (1950), 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75. Furthermore, Ohio courts have *Page 9 
recognized that technical noncompliance with Civ. R. 56 authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question. See Insurance Outlet Agency, Inc.v. American Medical Sec, Inc., Licking App. No. 01 CA 118, 2002-Ohio-4268, ¶ 13, citing Knowlton v. Knowlton Co. (1983),10 Ohio App.3d 82, 460 N.E.2d 632; International Brotherhood of ElectricalWorkers v. Smith (1992), 76 Ohio App.3d 652, 602 N.E.2d 782; In reForeclosure of Liens (Feb. 9, 2000), Harrison App. No. 96-489-CA. In the case sub judice, appellants did not expressly contradict the evidence of ownership via their memorandum contra or affidavit;[2] as such, we hold appellants'"real party in interest" argument must fail. Cf.Provident Bank v. Taylor, Delaware App. No. 04CAE05042, 2005-Ohio-2573, ¶ 17.
 {¶ 29} Appellants' Second Assignment of Error is therefore overruled.
 III. {¶ 30} In their Third Assignment of Error, appellants contend summary judgment was improper where they had asserted a claim for equitable relief. We disagree.
 {¶ 31} Appellants' cursory argument on this issue notes their counterclaim included a prayer that "the equities of the parties be adjusted to assure a just result herein." Appellants cite Blue ViewCorp. v. Rhynes, Summit App. No. 23034, 2006-Ohio-4084, ¶ 14, which states: "Claims for equitable relief typically require the trial court to balance the equities of the parties. * * * Such balancing of equities involves a weighing of the evidence, which is inappropriate on summary judgment." The Ninth District Court therein cited River TerraceCondominium Assn. v. Lewis (1986), 33 Ohio App.3d 52, 56. *Page 10 
However, River Terrace does not establish a blanket rule disallowing all use of summary judgment to dispose of claims for equitable relief. See id. at f.n. 7, citing Booth v. Barber Transp. Co. (C.A. 8, 1958),256 F.2d 927, 931.
 {¶ 32} In the case sub judice, we have previously concluded that the burden on summary judgment shifted to appellants to set forth specific facts showing there was a genuine issue for trial. However, instead of providing documentation of conflicting facts, appellants instead relied on a claim of ignorance of appellee's ownership of the loan.
 {¶ 33} Accordingly, under the circumstances of this case, we hold that summary judgment was warranted despite the additional counterclaim component of equitable relief.
 {¶ 34} Appellants' Third Assignment of Error is overruled.
 {¶ 35} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, J., Farmer, P. J., and Gwin, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellants.
[1] See Civ. R. 56(E), which allows supplemental affidavits.
[2] Appellants' own motion for summary judgment includes an affidavit by Michael Street; however, it merely avers that he had never been notified of the assignment to Appellee LaSalle. *Page 1