[Cite as *JPMorgan Chase Bank, N.A. v. Snedeker*, 2014-Ohio-1593.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROBERT W. SNEDEKER, ET AL. | : | Case No. 13-CA-98 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2013 CV 00341


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 11, 2014


APPEARANCES:

For Plaintiff-Appellee        For Defendants-Appellants

THOMAS WYATT PALMER        DAVID C. MORRISON
41 South High Street        987 Professional Parkway
Suite 1700        Heath, OH  43056-1698
Columbus, OH  43215

*Farmer, J.*

{¶1}    On April 9, 2013, appellee, JPMorgan Chase Bank, N.A., filed a complaint in foreclosure against appellants, Robert and Brenda Snedeker.  On August 6, 2013, appellee filed a motion for summary judgment.  The next day, appellants filed a motion to strike the motion.  By judgment entry filed September 26, 2013, the trial court denied appellants' motion to strike.  By entry filed September 30, 2013, the trial court granted appellee's motion for summary judgment, and issued a decree in foreclosure. Appellants filed a motion to reconsider on October 9, 2013.  By judgment entry filed October 10, 2013, the trial court denied the motion.

{¶2}    Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}    "THE SUMMARY JUDGMENT IS CONTRARY TO LAW, BECAUSE APPELLEE, JP MORGAN CHASE BANK, N.A., FAILED TO DEMONSTRATE AN ABSENCE OF ANY GENUINE ISSUE OF MATERIAL FACT CONCERNING THE QUESTION WHETHER IT WAS THE REAL PARTY IN INTEREST."

II

{¶4}    "THE SUMMARY JUDGMENT IS CONTRARY TO LAW, BECAUSE CHASE FAILED TO DEMONSTRATE AN ABSENCE OF ANY GENUINE ISSUE OF MATERIAL FACT CONCERNING THE AMOUNT DUE."

III

{¶5}    "THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTION TO STRIKE THE AFFIDAVIT IN SUPPORT OF CHASE'S SUMMARY-JUDGMENT

MOTION IS CONTRARY TO LAW, BECAUSE THE AFFIDAVIT WAS INADMISSIBLE UNDER CIV.R. 56, THE BEST-EVIDENCE RULE, THE AUTHENTICATION RULE, AND THE RULE AGAINST HEARSAY."

I, II

{¶6}    Appellants claim the trial court erred in granting summary judgment to appellee as it did not establish it was the real party in interest or the amount due.  We disagree.

{¶7}    Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶9} Apart from filing the motion to strike, appellants did not respond to the motion for summary judgment. By order filed August 28, 2013, the trial court set the matter for a non-oral hearing on September 20, 2013 with the following caveat:

THIS IS A NON-ORAL HEARING. THEREFORE, ALL RESPONSES MUST BE FILED IN WRITING PRIOR TO THE DATE AND TIME LISTED ABOVE. DO NOT APPEAR FOR THIS HEARING. YOU WILL BE ADVISED OF THE DECISION BY THE COURT IN WRITING.

{¶10} As provided in Civ.R. 56(C): "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." With the summary judgment motion having been filed on August 6, 2013, the trial court complied with Civ.R. 56 via its scheduling order.

{¶11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt,* 75 Ohio St.3d 280 (1996). If the moving party satisfies this requirement, the

burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Mitseff v. Wheeler,* 38 Ohio St.3d 112 (1988).

{¶12} Civ.R. 56(E) states the following in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶13} Under the particular framework of the pleadings in this case, there is no denial of the issues claimed to be correct in appellee's motion. Attached to the complaint as Exhibit C is a "Merger Certificate" which states the following:

This letter is the official certification of the Office of the Comptroller of the Currency for the merger of Bank One, National Association, Chicago, Illinois, Charter Nr. 8, and, Bank One, National Association, Columbus, Ohio, Charter Nr. 7621, into and under the charter and title of JPMorgan Chase Bank, National Association, New York, New York, Charter Nr. 24542, effective November 13, 2004.

{¶14} The original note attached to the complaint as Exhibit A is to Bank One, NA, and the mortgage attached as Exhibit B names Bank One, NA as the lender. In an affidavit filed August 6, 2013, Myrtle Cox, a vice-president for appellee, averred she had personal knowledge of the amount in default and the amount due on the note.

{¶15} Appellants essentially argue the issues raised in their motion to strike; however, once they lost that motion, there was no affirmative effort to challenge the facts that appellee was in possession of the note and the amount due on the note.

{¶16} Upon review, we find the facts as claimed by appellee and undisputed by appellants establish that summary judgment was properly given to appellee.

{¶17} Assignments of Error I and II are denied.

III

{¶18} Appellants claim the trial court erred in not granting their motion to strike the affidavit of Ms. Cox as she did not make the affidavit based on her personal knowledge, and the attachments were not properly authenticated and violated the best evidence rule. We disagree.

{¶19} "Hearsay" is defined as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Evid.R. 803 provides exceptions to the hearsay rule. Subsection (6) states the following:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶20} Evid.R. 901 governs requirement of authentication or identification. Subsection (B)(7) states the following:

By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

*(7) Public records or reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement or data compilation, in any form, is from the public office where items of this nature are kept.

{¶21} Evid.R. 1002 governs requirement of original and states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." Evid.R. 1003 governs admissibility of duplicates and states: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

{¶22} In *Deutsche Bank National Trust Co. v. Hansen,* 5th Dist. Fairfield No. 2010 CA 00001, 2011-Ohio-1223, ¶ 13, this court stated the following:

Civ.R. 56(E) provides that an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civ.R. 56(E). An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One v. Swartz,* 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.* This Court has recognized that personal knowledge may be inferred from the contents of an affidavit. *LaSalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009-Ohio-1855, ¶ 22.

{¶23} The Cox affidavit averred the following:

{¶24} 1. She is a vice-president for appellee and is authorized to make the affidavit.

{¶25} 2. Appellee collects payments and "maintains up-to-date electronic records concerning the loans it services in its electronic record-keeping system." See, ¶ 4.

{¶26} 3. "The loan records for the Borrower are maintained by Chase in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity." See, ¶ 5.

{¶27} From our review, we find these averments are sufficient to qualify for the hearsay exception under Evid.R. 803(6) and permit the use of duplicate copies under Evid.R. 1002 and 1003.

{¶28} Upon review, we find the trial court did not err in denying appellants' motion to strike.

{¶29} Assignment of Error III is denied.

{¶30}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Baldwin, J. concur and

Hoffman, P.J. concurs in part and dissents in part.


SGF/sg 319

*Hoffman, P.J., concurring in part and dissenting in part*

**{¶31}** I concur in the majority's analysis and disposition of Appellant's first assignment of error.

**{¶32}** I respectfully dissent, in part, from the majority's disposition of Appellant's second and third assignments of error. My reasons follow.

**{¶33}** I find the failure to attach the electronic record of payments referred to in Cox's affidavit as required by Civ.R. 56(E) renders summary judgment on the amount due on the defaulted promissory note inappropriate. A printout of the electronic records reviewed by Cox could have been easily attached to her affidavit and reviewed by the trial court for accuracy. To that extent, I disagree with this Court's holding in *LaSalle Bank National Association v. Street*, Licking Ap. No. 08 CA 60, 2009-Ohio-1855.[1]

**{¶34}** I also find Cox's affidavit insufficient to establish the payment history prior to the merger between Bank One and JP Morgan Chase Bank. While Cox's affidavit is sufficient to demonstrate personal knowledge of the payment records while being serviced by JP Morgan Chase Bank after the merger, I find Cox's affidavit insufficient to demonstrate her personal knowledge that the payment records maintained while Bank One serviced the loan were made at or near the time of compilation, were made by a person from Bank One with knowledge, or were kept in the regular course of Bank One's business activity. Cox was not the custodian of Bank One's records at all relevant times. The merger does not serve to eliminate JP Morgan Chase Bank's

---

[1] I do agree with the *LaSalle* court's recognition, "even in the absence of evidence from the non-moving party, the trial court …may not enter summary judgment unless warranted by law." Id., at ¶23.

obligation to provide competent Civ.R. 56 evidence as to those Bank One payment records.

{¶35} I would affirm the trial court's decision granting summary judgment in regards to the foreclosure, but reverse that portion of its judgment granting a specific monetary award and remand the case to the trial court for further proceedings on that issue.