[Cite as *Deutsche Bank Natl. Trust Co. v. Hansen*, 2011-Ohio-1223.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| DEUTSCHE BANK NATIONAL | : | Julie A. Edwards, P.J. |
| TRUST COMPANY, AS TRUSTEE | : | W. Scott Gwin, J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : |  |
|  | : | Case No. 2010 CA 00001 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| CHRISTINA HANSEN, et al., |  |  |
|  |  |  |
| Defendants-Appellants |  |  |


CHARACTER OF PROCEEDING:               Civil Appeal from Fairfield County
                                       Court of Common Pleas Case No.
                                       CV-08 CV 1592

JUDGMENT:                              Reversed  and Remanded

DATE OF JUDGMENT ENTRY:                March 10, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendants-Appellants

ERIC T. DEIGHTON                       BENJAMIN D. HORNE
BRIAN L. BLY                           PEGGY P. LEE
Carlisle, McNellie, Rini,              LUKE FEENEY
Kramer & Ulrich Co., LPA               Southeastern Ohio Legal Services
24755 Chagrin Blvd., Suite 200         123 S. Broad Street, Suite 234
Cleveland, Ohio  44113                 Lancaster, Ohio  43130

*Edwards, P.J.*

{¶1} Appellants, Christina and Rodney Hansen, appeal a summary judgment of the Fairfield County Common Pleas Court on appellee Deutsche Bank National Trust Company's complaint for foreclosure.

## STATEMENT OF FACTS AND CASE

{¶2} Appellee filed the instant action on December 30, 2008, alleging that appellants were in default of payment on a promissory note and mortgage, and demanding judgment on the note and foreclosure of the real estate described in the mortgage. On January 7, 2009, appellee filed an amended notice of the filing of the mortgage assignment. Attached to the notice is an exhibit assigning the mortgage from Argent Mortgage Company LLC to appellee, together with the note and indebtedness which the mortgage secured. The mortgage assignment was executed December 22, 2008.

{¶3} Appellants filed an answer, claiming that appellee was not the holder of the note and did not have standing to bring the instant action because appellee is not the real party in interest.

{¶4} Appellee filed a motion for summary judgment on August 17, 2009, and supported it with the affidavit of Tonya Hopkins, Assistant Secretary and Vice President of American Home Mortgage Servicing, Inc., appellee's loan servicing contractor. Hopkins averred that payment had not been made on the loan since July 1, 2008. The affidavit stated that the note and mortgage had been assigned to appellee, the note has been accelerated, and the principal balance of $112,491.66 plus interest at the rate of 10.875% per annum is due.

{¶5} Appellants filed a motion to strike the affidavit and a response to the motion for summary judgment. Appellants argued that the affidavit was not based on personal knowledge, as evidenced by the deposition testimony of Ms. Hopkins. In addition to the deposition of Ms. Hopkins, appellants attached the affidavit of appellant Christina Hansen to their response. In this affidavit, Christina Hansen admits the existence of a delinquency but expresses her belief that she could in time pay off the delinquency. The trial court overruled the motion to strike and granted appellee's motion for summary judgment. Appellants assign two errors:

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO STRIKE PLAINTIFF/APPELLEE'S AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT.

{¶7} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE WAS A GENUINE ISSUE AS TO WHETHER THE TRUST WAS THE REAL PARTY IN INTEREST AND HAD STANDING TO ENFORCE THE NOTE."

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall

not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶9}    Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case.  The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.  *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

I

{¶10}  In their first assignment of error, appellants argue the court erred in failing to strike the affidavit of Tonya Hopkins.

{¶11} Appellants first argue that the affidavit was not based on personal knowledge.  Appellants argue that while her affidavit avers that it is based on personal knowledge, her deposition testimony reflects that she did not see the original mortgage and note, she did not have personal knowledge of whether the option was exercised,

and while she saw a screen shot of the balance due, she could not explain how that figure was arrived at by appellee.

{¶12} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Modon v. Cleveland* (Dec. 22, 1999), 9th Dist. No. 2945-M, at 5, citing *Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081.

{¶13} Civ.R. 56(E) provides that an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civ.R. 56(E). An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, at ¶ 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. Id. This Court has recognized that personal knowledge may be inferred from the contents of an affidavit. *LaSalle Bank National Association v. Street*, Licking App. No. 08CA60, 2009-Ohio-1855, ¶22.

{¶14} Appellants do not challenge that on its face, the affidavit purports to be based on personal knowledge. Appellants argue that based on Hopkins' testimony at her later deposition, her affidavit was not based on personal knowledge. We reject appellants' argument.

{¶15} First, as to appellants' claim that Hopkins did not see the original mortgage and note and therefore did not have personal knowledge that it was a true copy of the original, she testified in her deposition that the original was held in appellee's vault, and she had verified the original with the custodian. Tr. 30. She testified that in accordance with their business practice, she sent a request to the custodian to verify that appellee had the original note and mortgage in the vault, and if appellee has the original, the custodian sends back a copy. Tr. 31. She further testified that she knows if the copy she receives is a copy of a copy rather than a copy of the original by the manner in which it is stamped when she receives it. Tr. 31. Her testimony is sufficient to demonstrate that based on the business practices of her organization, she has personal knowledge of whether the copy she received is a true and accurate copy of the original, regardless of the fact that she did not personally see the original, make the copy or watch the copy being made.

{¶16} Appellants also argue that she did not have personal knowledge that the note had been accelerated. Initially, Hopkins testified that she did not know if she had seen the Notice of Acceleration. Tr. 40. However, later she testified that she had seen a Notice of Acceleration regarding this case. Tr. 43.

{¶17} Finally, appellants argue Hopkins did not have personal knowledge as to how appellee arrived at the balance due as viewed on the screen shot. Appellants also

argue the screen shot is hearsay, and did not meet the exception for a business record because there is no evidence of its origins or the circumstances surrounding its existence.

{¶18} In her affidavit, Hopkins stated that the amount due and owing is $112,491.66, plus interest at the rate of 10.875% per annum. Appellants argue that the evidence is hearsay because at her deposition, she did not know who entered the information into the computer to generate the number, nor did she know how such information was generated.

{¶19} Evid. R. 803(6) governs the admissibility of business records as an exception to the hearsay rule:

{¶20} "**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

{¶21} The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well. See Staff Note to Evid.R. 803(6).

**{¶22}** "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' *State v. Davis,* 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. See also *McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 233, 454 N.E.2d 1363."

**{¶23}** The phrase "other qualified witness" should be broadly interpreted. See *State v. Patton* (Mar. 5, 1992), Allen App. No. 1-91-12, unreported, citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. Further, it is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona* (1988), 47 Ohio App.3d 145, 547 N.E.2d 1189, paragraph two of the syllabus. "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Patton,* supra, quoting Weissenberger at 76.

**{¶24}** Even after the above elements are established, however, a business record may be excluded from evidence if 'the source of information or the method or

circumstances of preparation indicate lack of trustworthiness.' *Davis* at ¶ 171, quoting Evid.R. 803(6).

{¶25}   Before application of Evid.R. 803(6), and prior to admission of a business record, the record must also be properly identified or authenticated, "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). See, also, *State v. Bell,* Clermont App. No. CA2008-05-044, 2009-Ohio-2335, ¶ 17; *Hirtzinger* at 49, 705 N.E.2d 395. "The provisions of Evid.R. 901(A) require only that a proponent of a document produce "evidence *sufficient to support a finding that the matter in question*" is what the proponent claims it to be. (Emphasis sic.) *State v. Easter* (1991), 75 Ohio App.3d 22, 25, 598 N.E.2d 845. "This low threshold standard does not require *conclusive* proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that the document is what its proponent claims it to be." (Emphasis sic.) *Id.,* citing 1 Weissenberger, Ohio Evidence (1991) 4-5, Section 901.2; Giannelli, Ohio Evidence Manual (1990) 6, Section 901.01.

{¶26}   In order to properly authenticate business records, a witness must "testify as to the regularity and reliability of the business activity involved in the creation of the record." *Hirtzinger* at 49, 705 N.E.2d 395. Firsthand knowledge of the transaction is not required by the witness providing the foundation; however " 'it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6).' " *State v. Vrona* (1988), 47 Ohio App.3d 145, 148, 547 N.E.2d 1189,

quoting 1 Weissenberger's Ohio Evidence (1985) 75-76 Section 803.79. See, also, *Moore* at ¶ 18.

{¶27} In *Soliday v. Pittenger*, Richland App. No. 10-CA-17, 2010-Ohio-4861, this Court affirmed a trial court's exclusion of an Excel spreadsheet. We concluded that the proponents of the spreadsheet did not present sufficient evidence to meet the business records exception to the hearsay rule where no one testified as to who prepared the spreadsheet, what that person's job duties were, when the record was prepared, or how the information was collected and compiled. Id. at ¶41.

{¶28} Likewise, in the instant case, appellant's did not present evidence to qualify the screen shot under the business record exception to the hearsay rule. Hopkins testified in her deposition that she did not know who entered the information into the computer to generate the amount owed, nor did she know how such information was collected and compiled. The court erred in admitting the screen shot as evidence of the amount due on the account.

{¶29} Finally, appellants argue that the statement in Hopkins affidavit that appellee is the holder in due course of the note and mortgage is a legal conclusion which she is not qualified to make.

{¶30} Since an affidavit's purpose is to demonstrate that there is a genuine issue of material fact requiring a need for trial, the affidavit must set forth specific facts and not merely legal conclusions or opinions. *Smythy v. Miguel* (Oct. 11, 1990), Cuyahoga App. No. 59274, unreported. While the paragraph in the affidavit drew an impermissible legal conclusion that appellee was the holder in due course of the note and mortgage, we find no prejudicial error in the court's failure to strike this portion of the affidavit.

There was sufficient evidence presented independent of this statement from which the court could conclude that appellee was the holder in due course, as discussed in Assignment of error II.

{¶31} The first assignment of error is overruled in part and sustained in part.

II

{¶32} Appellants argue that the court erred in finding that appellee was the real party in interest and therefore had standing to bring the instant action. Appellants base this argument on the 1,927 page Pooling and Servicing Agreement, which they allege is available on the Security and Exchange Commission web site, that governs Asset-Backed Pass-Through Certificates, Series 2005-W3 relating to the transfer of their Homeowner's Loan into the trust with Deutsche Bank. Appellants argue that the Pooling and Servicing Agreement requires evidence showing how the loan in question was transferred from Argent Mortgage Company, LLC to trustee Deutsche Bank. Appellants, in their brief, state that there is no evidence establishing such conveyance. Therefore, appellants argue, the Homeowner's Note was not included in the bundle called Series 2005-W3 held in trust by Deutsche Bank and Deutsche Bank is not the real party interest.

{¶33} Pursuant to Civ. R. 17(A), the real party of interest shall prosecute the claim:

{¶34} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with

him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶35} R.C. 1303.31 provides:

{¶36} "(A) "Person entitled to enforce" an instrument means any of the following persons:

{¶37} "(1) The holder of the instrument;

{¶38} "(2) A nonholder in possession of the instrument who has the rights of a holder;

{¶39} "(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶40} "(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

{¶41} The mortgage assignment in the instant case states that Argent Mortgage Company, LLC "sells, transfers and assigns" to appellee all its rights and interest in appellant's mortgage. The assignment further conveys the note of indebtedness referred to in the mortgage. The assignment states that appellee holds the mortgage as

trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3. Appellants appear to argue that there is no proof that the Note underlying the mortgage was properly transferred into the pooled trust Series 2005-W3 and that appellee has not established a complete chain of title transferring the note to appellee.

**{¶42}** This Court rejected a similar argument concerning an incomplete chain of title in *Bank of New York v. Dobbs*, Knox App. No. 2009-CA-000002, 2009-Ohio-4742:

**{¶43}** "Appellants argue the chain of title is incomplete because the record does not contain any evidence Countrywide assigned the note to MERS. Courts have generally stated the debt is the promissory note, and the mortgage is the only evidence of the debt and the security offered. *In re: Perrysburg Marketplace Co.* (1997) 208 B.R. 148, 34 UCC Rep. Serv. 2d 731, at 159, citations deleted.

**{¶44}** "Section 5.4 of the Restatement III, Property (Mortgages) discusses transfers of the obligations secured by a mortgage and transfers of the mortgage itself by the original mortgagee to a successor, or a chain of successors. Such transfers occur in what is commonly termed the "secondary mortgage market", as distinct from the "primary mortgage market" in which the mortgage loans are originated by lenders and executed by borrowers.

**{¶45}** "The Restatement asserts as its essential premise is that it is nearly always sensible to keep the mortgage and the right of enforcement of the obligation it secures in the hands of the same party. This is because in a practical sense separating the mortgage from the underlying obligation destroys the efficacy of the mortgage, and the note becomes unsecured. The Restatement concedes on rare occasions a

mortgagee will disassociate the obligation from the mortgage, but courts should reach this result only upon evidence that the parties to the transfer agreed. Far more commonly, the intent is to keep the rights combined, and ideally the parties would do so explicitly. The Restatement suggests that with fair frequency mortgagees fail to document their transfers so carefully. Thus, the Restatement proposes that transfer of the obligation also transfers the mortgage and vice versa. Section 5.4 (b) suggests "Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise." Thus, the obligation follows the mortgage if the record indicates the parties so intended.

{¶46} "In Ohio it has been held that transfer of the note implies transfer of the mortgage. In *Lasalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009-Ohio-1855, this Court stated:

{¶47} "'Where a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75. Furthermore, Ohio courts have recognized that technical noncompliance with Civ. R. 56 authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question. See *Insurance Outlet Agency, Inc. v. American Medical Sec., Inc.,* Licking App. No. 01 CA 118, 2002-Ohio-4268, paragraph 13, citing *Knowlton v. Knowlton Co.* (1983), 10 Ohio App.3d 82, 460 N.E.2d 632; *International Brotherhood of Electrical Workers v. Smith* (1992), 76 Ohio App.3d 652, 602 N.E.2d 782; *In re: Foreclosure of*

*Liens* (Feb. 9, 2000), Harrison App. No. 96-489-CA. In the case sub judice, appellants did not expressly contradict the evidence of ownership via their memorandum contra or affidavit; as such, we hold appellants' "real party in interest" argument must fail. Cf. *Provident Bank v. Taylor,* Delaware App.No. 04CAE05042, 2005-Ohio-2573, paragraph 17.' *Street,* at paragraph 28.

**{¶48}** "Particularly given the present state of banking and financing it makes little sense not to apply this reasoning to transfers of mortgages without express transfer of the note, where the record indicates it was the intention of the parties to transfer both." Id. at ¶26-31.

**{¶49}** In the instant case, appellants have argued that there is no evidence establishing the conveyance transactions from Argent Mortgage Company, LLC to Argent Securities, Inc., and there is no evidence showing the assignment of the loan from the depositor Argent Securities to appellee. However, the assignment on its face purports to transfer the mortgage and the note from the lender, Argent Mortgage Company, to appellee. Appellants have presented no evidence to demonstrate that the conveyance is improper or incomplete.

**{¶50}** Appellants further argue that the note was not properly endorsed according to the PSA, and therefore the note is not properly a part of the pool. However, as this Court held in *Dobbs*, supra, the transfer of the mortgage without express transfer of the note is sufficient to transfer both, where the record indicates it is the intention of the parties to transfer both. The assignment in the instant case transfers the mortgage to appellee. Appellants have presented no evidence that this conveyance was not valid. The assignment expressly indicates an intent to transfer both the

mortgage and the note. Further, appellants presented no evidence to support their claim that the note was not properly a part of the pool transferred to appellee, and therefore, have not contradicted the assignment which facially shows the transfer to appellee.

{¶51} The assignment of error is overruled.

{¶52} The judgment of the Fairfield County Common Pleas Court is reversed and this matter is remanded to the trial court for further proceedings.


By: Edwards, P.J.

Gwin, J. and

Farmer, J. concur


_____


_____


_____

                                        JUDGES

JAE/r0831

[Cite as *Deutsche Bank Natl. Trust Co. v. Hansen*, 2011-Ohio-1223.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL<br>TRUST COMPNAY, AS TRUSTEE | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTINA HANSEN, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2010 CA 00001 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs assessed to appellees.

_____

_____

_____

JUDGES