[Cite as *U.S. Bank Natl. Assn. v. Green Meadow SWS, L.L.C.*, 2013-Ohio-2002.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | Case No. 12 CAE 09 0069 |
| | : | |
| GREEN MEADOW SWS LLC, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Delaware County
Court of Common Pleas, Case No. 10
CV H 07 1096


JUDGMENT:        AFFIRMED, IN PART & REVERSED
IN PART; CAUSE REMANDED


DATE OF JUDGMENT ENTRY:        May 8, 2013


APPEARANCES:

For Appellants:

THOMAS R. ALLEN
RICK L. ASHTON
NICHOLAS R. BARNES
17 S. High St., Suite 1220
Columbus, OH 43215

For Appellee:

CHARLES R. DYAS, JR.
41 S. High St., Suite 3300
Columbus, OH 43215

*Delaney, P.J.*

{¶1} Defendants-Appellants Green Meadow SWS, LLC and Greggory R. Hardy appeal the judgments of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On or about May 23, 2006, Defendant-Appellant Green Meadow SWS, LLC executed and delivered to Barclays Capital Real Estate, Inc. a Promissory Note in the amount of $7,420,000.00. To secure payment and performance of Green Meadow's obligations under the Note, Green Meadow, as Borrower, executed and delivered to Barclays, as Lender, a Loan Agreement dated May 23, 2006. The provisions of Article 12 of the Loan Agreement are relevant to this appeal. Article 12 is entitled Nonrecourse – Limitations on Personal Liability. It states in pertinent part:

> Section 12.01 <u>Nonrecourse Obligation</u>. Except as otherwise provided in this Article 12, Section 15.04 or expressly stated in any of the other Loan Documents, Lender shall enforce the liability of Borrower to perform and observe the obligations contained in this Loan Agreement and in each other Loan Document only against the Property and other collateral given by Borrower as security for payment of the Loan and performance of Borrower's obligations under the Loan Documents and not against Borrower or any of Borrower's principals, directors, officers, manager, members or employees. Notwithstanding the foregoing, this Article 12 is not applicable to the Environmental Indemnity or to any Guaranty executed in connection herewith.

Section 12.02 <u>Personal Liability for Certain Losses</u>. Section 12.01 above SHALL NOT APPLY and Borrower shall be PERSONALLY LIABLE for all losses, claims, expenses or other liabilities incurred by Lender arising out of, or attributable to, any of the following:

* * *

Section 12.03 <u>Full Personal Liability</u>. Section 12.01 above shall BECOME NULL AND VOID and the Loan FULLY RECOURSE to Borrower if: (a) any provision of Article 10 hereof is violated; (b) Borrower fails to comply with any provision of Article 7 hereof or Section 9.13 hereof; (c) the Property or any part thereof becomes an asset in a voluntary bankruptcy or other insolvency proceeding; (d) Borrower commences a bankruptcy or other insolvency proceeding; (e) an involuntary bankruptcy or other insolvency proceeding is commenced against Borrower (by a party other than Lender) but only if Borrower has failed to use best efforts to dismiss such proceeding or has consented to such proceeding or (f) if Borrower, Guarantor or any Affiliate or agent of (x) Borrower, or (y) any Guarantor has acted in concert with, colluded or conspired with any party to cause the filing of any involuntary bankruptcy or other insolvency proceeding; or (g) a Reporting Default occurs and is not cured within thirty (30) days after Lender's written notice thereof, which notice shall be a second notice given after the expiration of the notice required under the definition of Reporting Default.

{¶3} A "Reporting Default" means,

[w]ithout reference to any cure period under Article 11, each instance that any of the following occur: (a) failure to deliver any of the reports, information, statements or other materials required under Section 9.11 hereof within five (5) Business Days after written notice from Lender, (b) failure to provide the Compliance Certificate within five (5) Business Days after written notice from Lender, or (c) failure to permit Lender or its representatives to inspect or copy books and records within two (2) Business Days of Lender's written request.

{¶4} Article 11 of the Loan Agreement outlines the Events of Default. It states:

Section 11.01 Events of Default. The occurrence of any one of more of the following events shall, at Lender's option, constitute an "Event of Default" hereunder:

(a) If any payment of principal and interest is not paid in full on or before the earlier to occur of (y) the fifth (5th) calendar day after the Payment Due Date on which such payment is due and (z) the sixth (6th) calendar day of the month in which such Payment Due Date occurs;

{¶5} To secure payment and performance of Green Meadow's obligations under the Note, Green Meadow, as Mortgagor, executed and delivered to Barclays, as Mortgagee, an Open-End Mortgage, Assignment of Rents, Leases, Security Agreement and Fixture Filing dated May 23, 2006. Pursuant to the Mortgage, Green Meadow mortgaged to Barclays certain real estate, as well as a security interest in the real estate. The real estate included real property located in Delaware County, Ohio.

The Mortgage was recorded on May 24, 2006 in the Delaware County Recorder's Office.

{¶6} To further secure repayment of the loan, Defendant-Appellant Greggory R. Hardy, individually, executed a Guaranty. Pursuant to Article 2, Section 2.01 of the Guaranty, Hardy "guaranteed to Lender the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of all obligations and liabilities of Borrower pursuant to the terms and provisions of Article 12 of the Loan Agreement."

{¶7} Green Meadow also executed with Barclays an Assignment of Rents and Leases, an Environmental Indemnity Agreement, a Cash Management Agreement, and Assignment of Property Management Contract and Subordination of Management Fees, and a Lockbox-Deposit Account Control Agreement.

{¶8} Barclays assigned its interests to LaSalle Bank. It was thereafter assigned to Wells Fargo, then to Plaintiff-Appellee U.S. Bank National Association.

{¶9} On November 1, 2009, Green Meadow failed to make constant monthly payments due under the terms of the Note. U.S. Bank provided Green Meadow a Notice of Event of Default by letter on February 9, 2010. On May 25, 2010, U.S. Bank sent Green Meadow a letter stating, "[p]ursuant to the terms and conditions of the Cash Management Agreement and Section 9.11 of the Loan Agreement, in the Event of Default, Lender may demand from Borrower and/or Manager immediate delivery of the following: 1. All Rents, revenues and other incomes from the Property; 2. A current Rent Roll of the Property, the Property operating statements, and an accounting of security deposits related to the Property; and 3. All the bank statements from any and all accounts affiliated with the Property." U.S. Bank sent a second letter to Green

Meadow requesting information on June 8, 2010.  U.S. Bank mailed a third request for information on June 10, 2010.

{¶10} On July 22, 2010, U.S. Bank filed a complaint in the Delaware County Court of Common Pleas against Green Meadow and Hardy.  In the complaint, U.S. Bank stated as follows to Green Meadow:

**B. Green Meadow's Default**

42. On November 1, 2009, Green Meadows [sic] failed to make the constant monthly payments due under the terms of the Note (the "Constant Monthly Payment").

43. Green Meadows defaulted under the terms of the Loan Documents by failing to pay the holder of the Loan Documents the Constant Monthly Payments when due.  Green Meadow's failure to do so constitutes a default under the Loan Documents.

44. On February 9, 2010, Plaintiff mailed Green Meadows a default notice letter ("Default Letter").  * * *

45. On May 25, 2010, Plaintiff mailed Green Meadows a Request for Information and follow-up default notice letter ("Request for Information"). * * *

46. On June 8, 2010, Plaintiff mailed Green Meadows a Second Request for Information and follow-up to the default notice letter ("Second Request for Information").  * * *

47. On June 10, 2010, Plaintiff mailed Green Meadows a Third Request for Information and follow-up to the default notice letter ("Third Request for Information"). * * *

48. Green Meadow [sic] has failed to cure the default despite Plaintiff's demand that it do so.

49. Green Meadow breached its contractual obligations under the Loan Documents, thereby entitling Plaintiff to declare all amounts due under the Loan Documents immediately due and payable.

50. Green Meadow has not made payment in full on the Note.

* * *

**COUNT ONE**  **Breach of Contract**

55. Plaintiff realleges and incorporates herein any and all allegations contained in the preceding paragraphs of the Complaint as if fully rewritten herein.

56. As set forth above, Green Meadow has defaulted under the terms of the Loan Documents by failing to pay, when due, the Constant Monthly Payments.

57. Despite Plaintiff's demand that Green Meadow cure said default, Green Meadow failed to do so; accordingly, a default exists under the terms of the Loan Documents.

{¶11} U.S. Bank alleged $8,140,153.48, plus attorneys'/professional fees and costs, was due and owing by Green Meadow.

{¶12} In Count Two of the complaint, U.S. Bank alleged a foreclosure of the real property, business assets, personal property and other collateral.

{¶13} Count Three of the complaint alleged breach of contract against Hardy based on Section 12.02 and 12.03 of the Loan Agreement.  Count Four of the complaint stated Hardy breached the Guaranty by Green Meadow's default under the terms of the Loan Agreement.  U.S. Bank also requested damages in the amount of $8,140,153.40 against Hardy.

{¶14} On July 22, 2010, U.S. Bank also filed a Motion for Appointment of Receiver.  The trial court granted the motion and issued an Order appointing the Receiver.

{¶15} U.S. Bank filed a Motion for Summary Judgment on November 1, 2010. In the motion, U.S. Bank argued it was entitled to judgment as a matter of law against Green Meadow on Count One of the complaint.  It first stated it was the rightful holder and owner of the Promissory Note.  It next argued:

> Second, Defendants defaulted under the terms of the Loan Documents by failing to pay the amounts due and owing to the holder of the Note and Loan Document.  (Reed Aff.).  Defendant's failure to do so constitutes a default under the Loan Documents.  (Reed Aff.).  The amounts due under the Loan Documents are currently due and owing and have not been paid.  (Reed Aff.).  The amount Defendant's currently owe to Bank of America is not less than the Indebtedness.  (Reed Aff.). Trustee has performed all conditions required of it under the Loan

Documents or has been excused therefrom as a result of the breach(es)

by Defendants.  (Reed Aff.).

{¶16} As to Count Three of the complaint, U.S. Bank argued it was entitled to summary judgment on its Breach of Guaranty claim against Hardy.  It based its claim on Section 2.01 of the Guaranty, which stated Hardy as Guarantor agreed to be liable for the Guarantee Obligations.  U.S. Bank also raised Section 3.11 of the Guaranty as a basis for Hardy's liability.  Section 3.11 reads:

Financial Reports, Inspection of Records.  Each Guarantor agrees to furnish to Lender from time to time, by such dates as Lender may require (but no more frequently than annually unless an Event of Default under the Loan Agreement or any other Loan Document exists, in which event Lender may require same from time to time), Guarantor's Federal and State income tax returns, a personal financial statement if Guarantor is an individual and a balance sheet and statement of changes in Guarantor's financial position if Guarantor is not an individual, in each case certified by such Guarantor as complete and accurate.  Such financial statements shall be in reasonable detail and prepared in accordance with consistently applied accounting methods reasonable acceptable to Lender.

{¶17} U.S. Bank argued in the motion:

After repeated requests by Trustee and Trustee's counsel seeking financial documents from Defendants pursuant to Section 3.11 of the Guaranty, **Exhibits Z, AA, and BB**, attached to the Complaint and

incorporated fully herein, neither Hardy nor the Defendants provided the requested information. The failure to provide the requested information constitutes a breach of the terms of the Guaranty and a Reporting Default pursuant to Section 12.03(g) of the Loan Agreement subjecting Hardy to the full terms of the Guaranty and the obligations therein to the Trustee.

{¶18} In support of its Motion for Summary Judgment, U.S. Bank attached the affidavit of Jason Reed. Jason Reed is the Asset Manager of Helios AMC, LLC. Helios AMC, LLC is the Special Servicer for U.S. Bank.

{¶19} Green Meadow and Hardy filed a combined Motion to Strike and Memorandum in Opposition to the Motion for Summary Judgment. In the Motion to Strike, Green Meadow and Hardy argued the trial court should strike the affidavit of Jason Reed and the attachments thereto. Appellants argued U.S. Bank did not establish it or Helios had standing to bring the action. In the alternative, Appellants contended the trial court should strike certain paragraphs from the Reed Affidavit because the statements were not made on personal knowledge. On August 2, 2012, the trial court granted in part and denied in part the Motion to Strike. The trial court struck Paragraph 11 of the Reed Affidavit and found the remaining paragraphs to be compliant with Civ.R. 56(E).

{¶20} In the response to the Motion for Summary Judgment, Appellants argued U.S. Bank was not entitled to a deficiency judgment against Green Meadow. Per the terms of Section 12.01 of the Loan Agreement, U.S. Bank's remedy for the breach of the Loan Agreement and Note was that of non-recourse. U.S. Bank must look to the

Property and other collateral for redress.  Hardy next argued that because Green Meadow was not liable for a deficiency judgment, Hardy was not liable to U.S. Bank. Hardy further argued U.S. Bank failed to establish as a matter of law there was a Reporting Default based on the letters sent by U.S. Bank.  Hardy finally argued Section 12.03 was an unenforceable penalty provision.

{¶21} U.S. Bank filed a Reply to the Motion for Summary Judgment and Response to the Motion to Strike.  In the Reply, U.S. Bank argued Green Meadow was liable for full recourse because Green Meadow defaulted on the loan by non-payment and committed a Reporting Default by failing to respond to the Request for Information letters sent by U.S. Bank.  The failure to cure the defaults noted in the Requests for Information allowed U.S. Bank to pursue full recourse liability against Green Meadow.

{¶22} On June 6, 2011, Green Meadow and Hardy filed a Second Motion to Strike and a Motion for Leave to File a Surreply.  In the motion for leave, Appellants requested leave to file a surreply because U.S. Bank raised new theories of liability in its reply to the motion for summary judgment not previously raised in the complaint or motion for summary judgment.  The trial court denied the Motion for Leave to File a Surreply on August 2, 2012.  The trial court found that while U.S. Bank's "reply presents arguments that were not previously presented in its complaint or Motion for Summary Judgment, the Court finds that the Plaintiff has not presented new theories for recovery that are not supported by the Plaintiff's complaint or Motion for Summary Judgment." (Judgment Entry, Aug. 2, 2012).

{¶23}  On January 19, 2012, the trial court issued an Order Authorizing Receiver to Sell Receivership Property and Approving Sale Contracts.  The Receiver

sold the Real Property in the amount of $4,401,915 and the proceeds were paid to U.S. Bank. This resolved Count Two of the complaint.

{¶24} On August 22, 2012, the trial court issued its decision on U.S. Bank's Motion for Summary Judgment. The trial court found there was no genuine issue of material fact that both Green Meadow and Hardy were liable for the full recourse amount per the terms of the Loan Agreement and Guaranty, in the amount of $8,140,153.40. The trial court found the judgment to be a final, appealable order with no just cause for delay.

{¶25} It is from this decision Green Meadow and Hardy now appeal.

**ASSIGNMENTS OF ERROR**

{¶26} Green Meadow and Hardy raise three Assignments of Error:

{¶27} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT (R. 28) IN ITS JUDGMENT ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (R. 124).

{¶28} "II. THE TRIAL COURT ERRED IN DENYING APPELLANTS GREEN MEADOW SWS, LLC AND GREGGORY HARDY AN OPPORTUNITY TO FILE A SURREPLY IN ITS JUDGMENT ENTRY GRANTING DEFENDANTS' SECOND MOTION TO STRIKE AND JUDGMENT ENTRY DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY (R. 122).

{¶29} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING ITS JUDGMENT ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF JASON REED (R. 123)."

**ANALYSIS**

*II.*

{¶30} We address the second Assignment of Error first because it is dispositive of this appeal. In the second Assignment of Error, Green Meadow and Hardy argue the trial court erred when it denied their Motion for Leave to File a Surreply to U.S. Bank's Reply to its Motion for Summary Judgment. We agree.

{¶31} In this case, U.S. Bank moved for summary judgment on its complaint against Green Meadow and Hardy. The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. * * *"

{¶32} U.S. Bank, in its Motion for Summary Judgment, argued as to Count One of its complaint:

Second, Defendants defaulted under the terms of the Loan Documents

by failing to pay the amounts due and owing to the holder of the Note

and Loan Document. (Reed Aff.). Defendant's failure to do so

constitutes a default under the Loan Documents. (Reed Aff.). The amounts due under the Loan Documents are currently due and owing and have not been paid. (Reed Aff.). The amount Defendant's currently owe to Bank of America is not less than the Indebtedness. (Reed Aff.). Trustee has performed all conditions required of it under the Loan Documents or has been excused therefrom as a result of the breach(es) by Defendants. (Reed Aff.).

{¶33} U.S. Bank's theory of liability against Green Meadow in its complaint and motion for summary judgment was that Green Meadow defaulted under the terms of the Loan Agreement by its failure to make the constant monthly payments due under the terms of the Note. Pursuant to Section 12.01 of the Loan Agreement, the remedy for breach of the Loan Agreement is non-recourse – U.S. Bank cannot pursue a deficiency judgment against Green Meadow:

Section 12.01 Nonrecourse Obligation. Except as otherwise provided in this Article 12, Section 15.04 or expressly stated in any of the other Loan Documents, Lender shall enforce the liability of Borrower to perform and observe the obligations contained in this Loan Agreement and in each other Loan Document only against the Property and other collateral given by Borrower as security for payment of the Loan and performance of Borrower's obligations under the Loan Documents and not against Borrower or any of Borrower's principals, directors, officers, manager, members or employees. Notwithstanding the foregoing, this Article 12 is

not applicable to the Environmental Indemnity or to any Guaranty executed in connection herewith.

The complaint and motion for summary judgment are silent as to whether U.S. Bank is entitled to pursue full recourse, as opposed to non-recourse, against Green Meadow. As to Hardy, U.S. Bank argued in the motion for summary judgment it was entitled to judgment under the Guaranty due to Hardy's Reporting Default under Section 3.11 of the Guaranty and Section 12.03(g) of the Loan Agreement.

{¶34} In its response to the motion for summary judgment, Green Meadow and Hardy raised the issue of Section 12.01 and argued there were genuine issues of material fact as to whether Green Meadow and Hardy were liable for full recourse.

{¶35} U.S. Bank, in its reply, argued Green Meadow was liable for full recourse pursuant to Section 12.03 of the Loan Agreement because it had committed a Reporting Default.  U.S. Bank argued Green Meadow had not responded to the Requests for Information, allowing U.S. Bank to pursue full recourse as a remedy for the breach of the Loan Agreement.

{¶36} This Court has reviewed the complaint and the motion for summary judgment.  As stated above, there is no reference in the complaint or motion for summary judgment as to a Reporting Default by Green Meadow, which would allow U.S. Bank to pursue full recourse against Green Meadow.  In its denial of Green Meadow and Hardy's motion for leave to file a surreply, the trial court agrees "the reply presents arguments that were not previously presented in its complaint or Motion for Summary Judgment * * *."  We find the pursuit of full recourse against Green Meadow pursuant to an alleged Reporting Default is a new theory of liability proposed not in the

complaint or motion for summary judgment, but in the reply to the motion for summary judgment.  U.S. Bank's arguments against Hardy pursuant to the Guaranty, however, were developed in the complaint and motion for summary judgment.

{¶37} While U.S. Bank argues it was merely responding to the arguments of Green Meadow, U.S. Bank in its motion for summary judgment, pursuant to Civ.R. 56, "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." "Reply briefs are restricted to matters in rebuttal, not new arguments.  The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the opportunity to respond.  *Buren v. Karrington Health, Inc.*, 10th Dist. No. 00AP-1414, 2002-Ohio-206." *Lawson v. Mahoning Cnty. Mental Health Bd.*, 7th Dist. No. 10 MA 23, 2010-Ohio-6389, ¶ 50.  Allowing a new argument to be asserted in a reply has been characterized as "summary judgment by ambush."  *Intl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th Dist. No. 23112, 2006-Ohio-4869, ¶ 11.  "When a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a surreply.  *Smith* [*v. Ray Esser & Sons, Inc.* 9th Dist. No. 10CA009798, 2011-Ohio-1529] at ¶ 15, citing *Lawson* at ¶ 50–51."  *Baker v. Coast to Coast Manpower, L.L.C.*, 3rd Dist. No. 5-11-36, 2012-Ohio-2840, ¶ 35.

{¶38} It was reversible error to deny Appellants' Motion for Leave to File a Surreply.  We reverse the trial court's judgment and remand the matter to the trial

court to consider Appellants' surreply to U.S. Bank's Motion for Summary Judgment as to Green Meadow before it renders its final decision.

{¶39} The second Assignment of Error of Green Meadow and Hardy is sustained.

*I.*

{¶40} In their first Assignment of Error, Appellants argue the trial court erred in granting summary judgment in favor of U.S. Bank.  Based on our resolution of the second Assignment of Error, we find it premature to rule on the first Assignment of Error.

{¶41} However, both parties agree the trial court erred in rendering the final monetary judgment amount.  Prior to the trial court's decision on summary judgment, the receiver in the case sold the real property at issue in the amount of $4,401,915.00.  The proceeds of the real property sale were to be applied to the payment to the debt per the terms of the Loan Agreement.  The trial court failed to acknowledge the sale of the real property when it granted the motion for summary judgment and awarded U.S. Bank the full recourse amount.  Upon the trial court's reconsideration of the matter pursuant to our remand, the trial court will take into consideration the sale of the real property in the amount of $4,401,915.00 paid to U.S. Bank.

{¶42} As such, we sustain Appellants' first Assignment of Error in part.

*III.*

{¶43} Appellants argue in their third Assignment of Error that the trial court erred in denying their Motion to Strike the affidavit of Jason Reed, submitted in support of U.S. Bank's Motion for Summary Judgment.  We disagree.

{¶44} Appellants first argue U.S. Bank has failed to establish it has standing to pursue the action because it (1) has failed to provide documentation that it is a Trustee pursuant to the Pooling and Serving Agreement dated as of June 1, 2006, for the Registered holders of Banc of America Commercial Mortgage, Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-2, acting by and through its Special Servicer, Helios, AMC, LLC and (2) failed to provide documentation that Helios, AMC, LLC may act as the special servicer. Appellants next argue the Reed Affidavit should be stricken because Jason Reed cannot have personal knowledge over information contained in certain paragraphs of the affidavit.

{¶45} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the trial court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Deutsche Bank Nat. Trust Co. v. Hansen*, 5th Dist. No. 2010 CA 00001, 2011-CA-1223, ¶ 12 citing *Modon v. Cleveland*, 9th Dist. No. 2945–M, 1999 WL 1260318 (Dec. 22, 1999) at 5, citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684, 672 N.E.2d 1081 (6th Dist. 1996).

{¶46} Civ.R. 56(E) provides that an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civ.R.

56(E). An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). *See Bank One v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, at ¶ 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.* This Court has recognized that personal knowledge may be inferred from the contents of an affidavit. *LaSalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009–Ohio–1855, ¶ 22 (In *BAC Home Loans Servicing, LP v. Altizer*, 5th Dist. No. 12-CA-13, 2012-Ohio-5378, this Court recognized *Street* was reversed by *Fed. Home Loan Mort. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, but based on other grounds).

{¶47} In *Deutsche Bank Natl. Trust Co. v. Hansen*, 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223, this Court examined an affidavit submitted by the loan servicing contractor in support of a motion for summary judgment. In addition to the affidavit, the defendant submitted the deposition of the affiant. We held the affiant's deposition testimony was sufficient to demonstrate that, based on the business practices of her organization, the affiant had personal knowledge of whether the copy of the promissory note the affiant received was a true and accurate copy.

{¶48} In the present case, the parties submitted only the affidavit of Jason Reed, asset manager of Helios, AMC, LLC, the Special Servicer acting for U.S. Bank. As stated in the affidavit, Reed is responsible for servicing the loan to Appellants. He stated he has personal knowledge of the facts asserted. Personal knowledge is

required to qualify the records of an affidavit under the business records hearsay exception. Evid.R. 803(6) governs the admissibility of business records as an exception to the hearsay rule:

**(6) Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶49} We stated in *Hansen*, 2011-Ohio-1223, ¶ 21-23:

The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well. See Staff Note to Evid.R. 803(6). "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or

condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' *State v. Davis,* 116 Ohio St.3d 404, 880 N.E.2d 31, 2008–Ohio–2, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73.   See also *McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 233, 454 N.E.2d 1363."

The phrase "other qualified witness" should be broadly interpreted. See *State v. Patton* (Mar. 5, 1992), Allen App. No. 1–91–12, unreported, citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. Further, it is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona* (1988), 47 Ohio App.3d 145, 547 N.E.2d 1189, paragraph two of the syllabus.  "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Patton,* supra, quoting Weissenberger at 76.

{¶50} Pursuant to *Hansen*, supra, we find no abuse of discretion for the trial court to deny Appellants' Motion to Strike the affidavit of Jason Reed on the basis of Civ.R. 56(E).

{¶51} Appellants also argued within their Motion to Strike that U.S. Bank did not establish its standing to pursue the action because it failed to provide the appropriate documents within the Reed Affidavit to demonstrate U.S. Bank was a trustee. Appellants did not raise this argument in their response to the motion for summary judgment. We find no abuse of discretion for the trial court to deny the Motion to Strike because this argument is better addressed in the motion for summary judgment.

{¶52} The third Assignment of Error of Green Meadow and Hardy is overruled.

**CONCLUSION**

{¶53} The first Assignment of Error is sustained in part. The second Assignment of Error is sustained. The third Assignment of Error is overruled.

{¶54} Based on the foregoing, the judgment of the Delaware County Court of Common Pleas is affirmed in part; and reversed in part. This cause is remanded to the trial court to conduct further proceedings consistent with this Opinion.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

[Cite as *U.S. Bank Natl. Assn. v. Green Meadow SWS, L.L.C.*, 2013-Ohio-2002.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

U.S. BANK NATIONAL
ASSOCIATION

    Plaintiff-Appellee

-vs-

GREEN MEADOW SWS LLC, ET AL.

    Defendants-Appellants

JUDGMENT ENTRY

CASE NO. 12 CAE 09 0069

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings consistent with our Opinion. Costs assessed to Appellee.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER